IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| R. WAYNE KLEIN, as Receiver,<br><br>Plaintiff,<br><br>vs.<br><br>JEFFREY TURNER, an individual,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO COMPEL POST-JUDGMENT DISCOVERY**<br><br>Case No. 2:19-cv-00767-DN<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul Kohler |

Before the Court is Judgment Creditors' Motion to Compel Post-Judgment Discovery Responses.[1] For the reasons discussed, the Court GRANTS the motion.

I. BACKGROUND

On April 16, 2021, the Court entered judgment in favor of R. Wayne Klein, as Receiver, and against Defendant Jeffrey Turner for $16,228.63.[2] On April 5, 2022, Plaintiff Klein moved the Court to assign the judgment to the United States.[3] The Court granted the motion,[4] and the judgment was assigned to the United States on August 8, 2022.[5]

The United States served interrogatories and requests for production on Defendant Turner's attorney on September 26, 2022.[6] After learning that Defendant Turner was no longer represented

---

[1] Docket No. 32, filed July 28, 2023.

[2] Docket No. 22, filed April 16, 2021.

[3] *United States v. RaPower*, No. 2:15-cv-00828, Docket No. 1200, filed April 5, 2022.

[4] *Id.*, Docket No. 1214, filed May 31, 2022.

[5] Docket No. 30, filed August 8, 2022.

[6] Docket Nos. 32-2 and 32-3.

1

by counsel, the United States sent a letter directly to Defendant Turner requesting he produce responses to the discovery requests by February 17, 2023.[7]

On February 14, 2023, Defendant Turner submitted an offer to make payment to the United States in satisfaction of the judgment against him.[8] Despite the United States' acceptance of the offer, Defendant Turner failed to make payment within the allotted time and failed to respond to any subsequent correspondence from the United States.[9]

On June 13, 2023, the United States mailed a letter to Defendant Turner requesting he produce responses to the outstanding discovery requests by June 30, 2023.[10] Defendant Turner has not responded to the letter, nor has he responded to the outstanding discovery requests.[11]

On July 28, 2023, the United States filed the present motion to compel Defendant Turner's responses to the discovery requests. The government argues that under Fed. R. Civ. P. 37(a), it is entitled to discovery on the issue of Defendant Turner's ability to make payments on the judgment against him. Defendant Turner has not responded to the motion, and the time to do so has passed.[12]

## II. DISCUSSION

Federal Rule of Civil Procedure 69(a)(2) permits post-judgment discovery as provided in the federal rules. Rule 37(a)(3)(B)(iii) and (iv) allows a party seeking discovery to move to compel an answer to an interrogatory submitted under Rule 33 or the production of documents as requested under Rule 34.[13]

---

[7] Docket No. 32-4.

[8] Docket No. 32-1, at 1.

[9] *Id*. at 2.

[10] Docket No. 32-5.

[11] Docket No. 32-1, at 2.

[12] DUCivR 7-1(a)(4)(D)(ii).

[13] Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv).

The scope of post-judgment discovery is broad and governed by Fed. R. Civ. P. 26.[14] Under Rule 26, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.[15] In the post-judgment context, the discovery sought must be relevant to the existence or transfer of the judgment debtor's assets.[16]

Here, the United States is seeking the exact relief provided by the Federal Rules. As judgment creditor, the United States is entitled to discovery regarding the judgment debtor's assets. As such, Defendant Turner should be compelled to answer interrogatories and produce evidence relevant to his financial status. The United States' interrogatories and requests for production seek relevant evidence and thus are appropriate under the circumstances.

When a Rule 37 motion to compel is filed, the Court must award the movant's reasonable expenses incurred in making the motion, including attorney's fees, if the motion is granted.[17] Such an award is appropriate unless the movant failed to confer before filing the motion, the opposing party's non-response was substantially justified, or other circumstances make an award of expenses unjust.[18]

Here, the United States attempted to confer with Defendant Turner on several occasions before filing the Motion. Further, Defendant Turner's failure to respond to the discovery requests was not substantially justified. If he had an objection to the discovery, Defendant Turner could

---

[14] *AVT-New York, L.P. v. Olivet Univ.*, No. 2:18-cv-00782, 2022 WL 17082178, at *2 (D. Utah Nov. 18, 2022); *see also FDIC v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995) (the broad scope of post-judgment discovery permits a judgment creditor to discover assets of the judgment debtor).

[15] Fed. R. Civ. P. 26(b)(1).

[16] *AVT-New York, L.P.*, 2022 WL 17082178, at *2.

[17] Fed. R. Civ. P. 37(a)(5)(A).

[18] *Id*.

have filed for a protective order. Instead, he chose not to respond at all. Such conduct is not justified. Rather than immediately imposing fees, however, the Court is notifying Defendant Turner of his opportunity to be heard on the issue in accordance with due process. Within 14 days of the date of this order, Defendant Turner must respond in writing and show cause as to why the Court should not award expenses to the United States.

## III. CONCLUSION

It is hereby ORDERED that judgment creditor's Motion to Compel, Docket No. 32, is GRANTED. Defendant Turner is ordered to answer the interrogatories and produce the requested documents no later than November 30, 2023. Additionally, Defendant Turner must, within 14 days of this order, file a response showing cause as to why the Court should not require Defendant Turner to pay the United States' reasonable expenses in bringing this Motion. Failure to respond will result in an immediate award of expenses to the United States against Defendant Turner.

SO ORDERED this 30th day of October, 2023.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge

4